Alice Miller v. Commissioner.
Miller v. Commissioner
Docket No. 2912-62.
United States Tax Court
T.C. Memo 1963-341; 1963 Tax Ct. Memo LEXIS 3; 22 T.C.M. (CCH) 1790; T.C.M. (RIA) 63341; December 30, 1963
*3 Alice Miller, pro se, 7503 Rosewood Ave., Los Angeles, Calif. Herbert T. Ikazaki for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1960 in the amount of $246.23. The only issue is the deductibility of $1,705.46 claimed by petitioner to have been repaid by her to her employer. Findings of Fact Some of the facts are stipulated and are so found. The petitioner is an individual who resides at 7503 Rosewood Avenue, Los Angeles 36, California. For the taxable year 1960, she filed an individual income tax return with the district director of internal revenue at Los Angeles, California. During the period May 15, 1953, to November 15, 1956, the petitioner was employed as a secretary by the Medal Distilled Products, Inc., Beverly Hills, California. Medal Distilled Products, Inc., at all times pertinent hereto was engaged in business as whiskey brokers and distillers' agents, and B. N. Maltz and M. M. Maltz were its officers. In the taxable year 1953, the petitioner earned and received wages for services performed for Medal Distilled Products, Inc., in the *4 amount of $2,062.50. During the period she worked for Medal Distilled Products, Inc., petitioner was without tenure with respect to employment, but was employed at the will of Medal Distilled Products, Inc. The wages received by petitioner from Medal Distilled Products, Inc., were wholly contingent upon her performance of services. These wages, once received by petitioner, were not subject to further adjustments, contractual or otherwise. Sometime during 1954, petitioner became involved in an investigation being conducted by the City Attorney of West Los Angeles. Her employer, B. N. Maltz, considered that she had, thereby, involved him in "an affair of government." As a result, in the latter part of 1955 and in October 1956, he demanded her resignation. Petitioner believed that, if she had in fact committed any wrong or other transgression against B. N. Maltz, she was required by the Order of Capuroth of her religion to make restitution and, thus, redeem herself. Accordingly, on September 22, 1960, petitioner deposited with the City National Bank of Beverly Hills, Beverly Hills, California, to the personal account of B. N. Maltz, the amount of $1,705.46. The amount of $1,705.46 *5 represented petitioner's take-home pay for services performed for Medal Distilled Products, Inc., in 1953 or $2,062.50 less withholding taxes of $357.04. When B. N. Maltz learned of this deposit, he requested the bank to reverse the entry crediting him with the deposit. The bank placed the amount in a trust account available to the petitioner on demand. She has not taken back the funds. The petitioner deducted the $1,705.46 on her return for 1960, and the respondent disallowed the deduction in his deficiency notice. Opinion Petitioner maintains that she had a moral obligation to return the money in question to her employer. We are satisfied that she was completely sincere in her belief that such "restitution" was required by her religion. Be that as it may, she has not directed our attention to any provision of the Internal Revenue laws which would authorize a deduction for such a payment nor have we been able to discover such a provision. Indeed, in view of the refusal of her employer to accept the money, it would seem that she has also failed to establish that she, in fact, divested herself of these funds which, as of the time of trial, still remained available to her on *6 demand. The determination of the respondent is sustained. Decision will be entered under Rule 50.